UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>                              Plaintiff,<br><br>- against -<br><br>CLAIRE ENTERTAINMENT INC.<br><br>                              Defendant. | Docket No. 1:17-cv-7069<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Christopher Sadowski ("Sadowski" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Claire Entertainment Inc., ("Claire" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of actor Alec Baldwin and fiancée Hilaria Thomas kissing while leaving Emporio Restaurant in New York City owned and registered by Sadowski, a New York City based photojournalist. Accordingly, Sadowski seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Sadowski is a professional photojournalist in the business of licensing his photographs to online and print media for a fee, having a usual place of business at 96 9th Avenue, Hawthorne, New Jersey, 07506.

6. Upon information and belief, Claire is a domestic business corporation duly organized and existing under the laws of the State of New York, with a principal place of business at 30 Broad Street, 14th Floor, New York, New York 10004. Upon information and belief, Claire is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Claire has owned and operated a website at the URL: www.Enstarz.com (the "Website").

## STATEMENT OF FACTS

A. **Background and Plaintiff's Ownership of the Photograph**

7. Sadowski photographed actor Alec Baldwin and fiancée Hilaria Thomas kissing while leaving Emporio Restaurant in New York City (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Sadowski then licensed the Photograph to The New York Post. On June 30, 2012, The New York Post ran an article that featured the Photograph on its web edition entitled *Alec Baldwin and fiancée share a sidewalk smooch*. See

http://www.enstarz.com/articles/27183/20131017/alec-baldwin-hilaria-thomas-photos-baby-carmen-red-carpets-more.htm. Sadowski's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Sadowski is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 1-900-624.

**B. Defendant's Infringing Activities**

11. Upon information and belief, Claire ran an article on the Website entitled *Alec Baldwin, Hilaria Thomas PHOTOS, Baby Carmen, Red Carpets & More*. See http://www.enstarz.com/articles/27183/20131017/alec-baldwin-hilaria-thomas-photos-baby-carmen-red-carpets-more.htm. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12. Claire did not license the Photograph from Plaintiff for its article, nor did Claire have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST ENTRAVISION)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Claire infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Claire is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Claire have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST ENTRAVISION
## (17 U.S.C. § 1202)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. When the Photograph was published in an article in The New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

20. Upon information and belief, in its article on the Website, Claire intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

21. The conduct of Claire violates 17 U.S.C. § 1202(b).

22. Upon information and belief, Claire's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

23. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Claire intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Claire also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

24. As a result of the wrongful conduct of Claire as alleged herein, Plaintiff is entitled to recover from Claire the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Claire because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

25. Alternatively, Plaintiff may elect to recover from Claire statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Claire be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Claire be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203 (b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       September 18, 2017

                                  LIEBOWITZ LAW FIRM, PLLC

                                  By: /s/Richard Liebowitz
                                      Richard P. Liebowitz
                                  11 Sunrise Plaza, Suite 305
                                  Valley Stream, NY 11580
                                  Tel: (516) 233-1660
                                  RL@LiebowitzLawFirm.com

                                  *Attorneys for Plaintiff Christopher Sadowski*